1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EAGLE VIEW TECHNOLOGIES, INC.,

Plaintiff,

v.

XACTWARE SOLUTIONS, INC.,

Defendant.

CASE NO. C12-1913-RSM

ORDER ON PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL
COMPLAINT

**INTRODUCTION**

This matter comes before the Court upon Plaintiff's Fed. R. Civ. P. 15(d) Motion for

Leave to File a Supplemental Complaint setting forth Roof InSight allegations.  Dkt. # 143.  For

the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

Eagle View Technologies, Inc. ("Eagle View") provides aerial roof measurement

services, and Xactware Solutions, Inc. ("Xactware") provides computer software to professionals

in the insurance and construction industries involved in estimating building and repair costs.  In

November 2008, Eagle View and Xactware entered into an integration agreement ("Agreement")

whereby Xactware granted Eagle View certain limited rights to import data from Eagle View's

customers through Xactware's network.  In January 2011, the parties amended certain

ORDER ON PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT - 1

1    provisions, which among other things contain an automatic renewal provision that required

2    written notice of non-renewal by September 5, 2012.  After unsuccessful attempts at further

3    negotiations, Eagle View filed for declaratory and injunctive relief on October 12, 2012, seeking

4    to prevent Xactware from prematurely terminating the Agreement on the grounds that it

5    automatically renewed for another 48 months.  *See* Dkt. # 1.

6         Eagle View now seeks leave to update its form of declaratory relief and supplement a

7    breach claim with the information obtained at the close of discovery.  Dkt. # 143, p. 5.  Eagle

8    View alleges that Xactware materially breached the Agreement by developing and piloting a

9    product called Roof InSight, which was created to compete directly with Eagle View.  *Id.* at 2.

10   Eagle View states that the facts underlying the violation did not arise until June 2013, when

11   Xactware began advertising its product on its website.  *Id.* at 5.  Xactware opposes the motion,

12   arguing that Eagle View is asserting a new and distinct claim rather than supplementing an

13   existing claim and that it should be denied for undue delay, bad faith, prejudice and futility.

14                                          **DISCUSSION**

15        Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just

16   terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or

17   event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

18   The rule applies when a party seeks to file additional causes of action based on facts that did not

19   exist when the original complaint was filed.  *See Cabrera v. City of Huntington Park*, 159 F.3d

20   374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which

21   introduces a cause of action not alleged in the original complaint and not in existence when the

22   original complaint was filed.") (quotation omitted).  The purpose of this provision is to "promote

23   as complete an adjudication of the dispute between the parties as possible."  6A Charles Alan

24

ORDER ON PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT - 2

1    Wright et al., *Federal Practice and Procedure* § 1504 (2d ed. 1990).  Thus, the rule is "intended

2    to give district courts broad discretion in allowing supplemental pleadings."  *Keith v. Volpe*, 858

3    F.2d 467, 473 (9th Cir. 1988).  However, "[w]hile leave to permit supplemental pleading is

4    'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'"  *Planned*

5    *Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).  The threshold inquiry is

6    whether some relationship exists between the newly alleged matters and the subject of the

7    original action, although they need not all arise out of the same transaction.  *Keith*, 858 F.2d at

8    474; *see also Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 88 (2d Cir. 2001)

9    (considering whether "the supplemental facts connect [the supplemental pleading] to the original

10   pleading").  The court may still deny the motion for undue delay, bad faith, undue prejudice to

11   the opposing party, or futility.  *See Keith*, 858 F.2d at 475.

12   **A.  Separate and Distinct Claim**

13           Xactware argues that Eagle View's claim for breach is a separate and distinct claim

14   because the original complaint specifies breach of contract only in the context of anticipatory

15   wrongful termination, which was rendered moot by the preliminary injunction order keeping the

16   Agreement in place.  Dkt. # 182, p. 3.  However, Xactware does not dispute that there is some

17   relationship that exists between the original complaint and the proposed supplement, as they both

18   pertain to the parties' Agreement and relationship thereto.  Eagle View is seeking to supplement

19   a breach claim that has unfolded during the course of this litigation against the sole, existing

20   defendant in the matter.  Thus, the Court finds there is a sufficient connection between the claims

21   here and Eagle View's proposed supplement is not a separate and distinct claim.

22   **B.  Undue Delay**

23           Eagle View filed its initial complaint on October 29, 2012.  On August 1, 2013, almost

24   nine months after the initial complaint, Eagle View seeks to supplement.  Eagle View claims it

1   was only after Xactware updated its website in late June 2013 that Eagle View learned of its

2   plans to compete using Roof InSight.  Dkt. # 143 at 5.  By the time Eagle View filed its motion

3   to supplement, the parties had less than two months before the trial.[1]  Xactware argues that Eagle

4   View acknowledged its awareness of Roof InSight as early as May 7, 2013, had all the

5   information to depose on the matter, but failed to supplement in earlier in June or July.  Dkt. #

6   184, p. 13.  Eagle View argues that it is not seeking a trial continuance or additional discovery,

7   and there will be no undue delay on adjudication of the matter.  Dkt. # 143 at 5.

8           However, Eagle View does not deny that the landscape of this litigation has already been

9   shaped on its original complaint for relief based solely on the issue of the Agreement's automatic

10  renewal.  Allowing Eagle View to now modify its claim for declaratory relief and supplement

11  with a material breach claim will cause undue delay, particularly since Xactware must seek a

12  continuance to pursue any additional discovery and file dispositive motions related to the new

13  claims.  Further, Eagle View's own summary judgment motion on its original claim for

14  declaratory relief (Dkt. # 123) is currently pending before the Court.  *See Roberts v. Ariz. Bd. of*

15  *Regents*, 661 F.2d 796 (9th Cir. 1981) (district court did not abuse its discretion when it denied

16  motion to amend when the issue was raised at the eleventh hour, after discovery was virtually

17  complete and there was a pending summary judgment motion).  The Court finds there is undue

18  delay, but in order to deny leave to amend or supplement a pleading, there must be bad faith or

19  undue prejudice found.  *United States v. Webb*, 655 F. 2d 977, 980 (9th Cir. 1981) (citing *Howey*

20  *v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).

21

22          [1] The trial on this matter was originally scheduled for October 15, 2013 when Eagle View

23  filed the motion.  Dkt. # 67.  The trial was later rescheduled to January 13, 2014.  Dkt. # 213.
    Despite the extension of time before trial, discovery was completed on June 17, 2013 and the

24  deadline to file any dispositive motions with the Court passed on July 17, 2013.

**C. Bad Faith**

Xactware argues that Eagle View's delay in supplementing its complaint was made in bad faith because it failed to supplement its breach claim on another competing product called Aerial Sketch, which was revealed in the early stages of litigation. Dkt. # 184 at 9-10, 12. Eagle View submits evidence that the decision to not supplement its complaint on Aerial Sketch was a business decision based on Xactware's own testimony that it was not a directly competing product. Dkt. # 194 at 5 n. 5; Dkt. # 195, Escobar Dec. ¶¶ 3-5. Eagle View further points that it was Xactware that acted in bad faith by actively pursuing Eagle View customers with Roof InSight after the relevant court deadlines passed. Dkt. # 194 at 7. Given the parties' competing allegations, there is insufficient evidence to conclude that Eagle View brought this motion in bad faith.

**D. Undue Prejudice**

Since leave to amend or supplement a complaint is liberally granted, the finding of undue prejudice must be obvious prejudice to the opposing party. *E.g. Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (finding district court did not abuse its discretion in denying leave to supplement a complaint where the moving party sought to litigate an issue that was previously conceded). There is no undue prejudice found if an added claim would require little additional discovery, because most of the information would be available in the opposing party's own files. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986). Eagle View argues that its supplemental complaint would preserve the status quo between the parties, requiring no further discovery as Xactware's own business plans are within its possession. Dkt. # 143 at 5. Xactware disagrees, arguing that Eagle View's supplement would unfairly prejudice its "due process rights to prepare for a trial of the newly alleged claim, including discovery, third-party discovery and the right to move against the merits of the new

1   claim." Dkt. # 184 at 6.  Xactware must also have the opportunity to prepare a defense to the

2   claim and rebut the damages analysis that would arise from such a claim.  *Id.* at 6-7.

3          The Court finds there are a number of factors present that indicate Xactware would suffer

4   undue prejudice from the supplemental complaint.  First, while it is true that Xactware has access

5   to its own business plans, it cannot be limited to solely the documents currently in possession to

6   prepare an adequate defense.  Money damages are not implicit in Eagle View's original

7   complaint and the alleged breach involves Xactware's dealings with third parties, including

8   existing and prospective Eagle View customers.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,

9   798-99 (9th Cir. 1991) (affirming denial of district court's denial of leave to amend when

10  discovery had concluded, only four and a half months remained until trial, and the plaintiff

11  sought to newly allege money damages for breach when the original complaint requested only

12  specific performance and declaratory relief).  Second, the parties have only two months

13  remaining until trial.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming district

14  court's denial of a motion to amend a complaint, finding that prejudice would result when "trial

15  was only two months away, and discovery was completed.").  Although Eagle View denies any

16  modification to the current schedule, the dates must be extended to allow for additional

17  discovery and dispositive motions regarding Eagle View's new claims.  *Lockheed Martin Corp.*

18  *v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen

19  discovery and therefore delay the proceedings supports a district court's finding of prejudice

20  from a delayed motion to amend…").  Third, Eagle View has a pending summary judgment

21  motion on its claim for declaratory relief regarding the Agreement's automatic renewal

22  provision.  In requesting to "update" the form of declaratory relief, it is unclear whether Eagle

23  View is simply supplementing an additional declaratory judgment claim, or requesting to amend

24

1  its existing one.  *See Holmberg v.Vail*, No. 11-5449 BHS/KLS, 2012 WL 3144929, at *2 (W.D.

2  Wash. Aug. 1, 2012) (finding that a supplement would cause undue prejudice when the lawsuit

3  was narrowed to one claim and there was a pending motion for summary judgment on the

4  merits).

5  **E.  Futility**

6        Futility of amendment can alone justify the denial of a motion for leave to amend or

7  supplement.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed amendment

8  is futile "if no set of facts can be proved under the amendment to the pleadings that would

9  constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

10  214 (9th Cir. 1988).  If a proposed amended complaint cannot withstand a motion to dismiss, it

11  should be denied as futile.

12        Xactware argues that Eagle View's Roof InSight allegations are futile because they are

13  "contrary to multiple judicial admissions that contradict it."  Dkt. # 184 at 13.  In other words, it

14  claims Eagle View's interpretation of the Agreement's competition clause is counter to its own

15  admissions made in earlier representations regarding Aerial Sketch and its own competitive

16  products.  Dkt. # 184 at 7-12.  Eagle View distinguishes its Roof InSight allegations with its own

17  interpretation of the Agreement's competition clause.  Since the futility argument largely

18  involves factual determinations, the Court need not decide them on a motion to supplement.

19  Further, the fact-intensive inquiry on the issue alone would survive a motion to dismiss.

20        In sum, Eagle View's proposed supplement is not a separate and distinct claim, nor

21  would the amendment be futile.  However, the Court finds that supplementation at this stage in

22  the litigation will cause undue delay and result in undue prejudice to Xactware.  For the reasons

23  above, Eagle View's motion is DENIED.

24

1

**CONCLUSION**

2      Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

3  and the remainder of the record, the Court hereby finds and ORDERS:

4              (1)       Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt.

5                         #143) is DENIED.

6              (2)       The Clerk is directed to forward a copy of this Order to Defendants

7                         and all counsel of record.

8

9      Dated this 18 day of November 2013.

10

11

12

RICARDO S. MARTINEZ

13  UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT - 8