UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., <br><br>Plaintiff,<br><br>v.<br><br>XACTWARE SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C12-1913RSM<br><br>ORDER GRANTING LEAVE TO AMEND |

# I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Amend Complaint, Dkt. #238. Plaintiff Eagle View Technologies, Inc. ("Eagle View") seeks to amend its Complaint in order to bring a new breach of contract claim based on events that occurred since it filed its original Complaint on October 29, 2012. Defendant Xactware Solutions, Inc. ("Xactware") opposes the Motion. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

# II. BACKGROUND

Plaintiff Eagle View provides aerial roof measurement services to insurance and contracting industries by applying its proprietary technology and techniques to aerial images, arriving at an accurate estimate of the area. Dkt. #126 at ¶ 2. Defendant Xactware was founded

in 1986. See Dkt. #127-11 at 15:24–25 (*filed under seal*). Xactimate is Xactware's flagship claims-estimation software. *See id.* at 32:17–20 (*filed under seal*). XactAnalysis is Xactware's business-to-business network that facilitates the electronic transfer of claims to and from customers that use Xactware's products. *See id.* at 32:12–16 and 72:1–76:10 (*filed under seal*). Eagle View and Xactware entered into an Agreement at issue in this case on November 4, 2008. Dkt. #127, Ex. A (*filed under seal*). Under the Agreement, the parties created a customized integration that permits the ordering and transmittal of Eagle View's roof measurement reports through Xactware's network and software. *See* Dkt. #127-11 at 72:5–24 (*filed under seal*).

## III. ANALYSIS

### A. Standard for Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

Defendant has provided no evidence that Plaintiff's Amended Complaint is in bad faith, will cause undue delay, or prejudice Defendant. *See* Defendant's Opposition, Dkt. #242. Plaintiff has not previously sought amendment. The sole factor before the Court is thus the futility of Plaintiff's amendment.

**B. Futility of Amendment**

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The substance of Plaintiff's proposed amendment is the addition of a fourth cause of action, "Breach of Contract for Discouraging Integration." Dkt. #240-1 at 14. Plaintiff claims that Xactware breached "Section 4" of a 2011 amendment to the 2008 Agreement between the parties. *Id.* This section included the provision that "Xactware and [Eagle View] agree to not discourage the use of the integration service in any manner covering any customer, current or perspective." *Id.* at 7. Plaintiff claims that Xactware breached this agreement by discouraging use of Eagle View's reports through the Xactware integration, specifically by "encouraging and promoting such customers to instead order roof reports generated by Xactware... changing the default option for ordering reports to [Xactware software] and making Eagle View the "alternate" option… removing access to Eagle View's reports when it released a new version of the Xactware network, and… offering [Xactware software]… at a steeply discounted price to discourage the sale of Eagle View's reports through Xactware's network." *Id.* at 14. Plaintiff further claims the loss of at least one of their customers due to the above actions of Defendant, and resulting damages. *Id.* at 15. The remainder of Plaintiff's amendment consists mainly of additions to the factual record for events occurring after the initial Complaint was filed, and small changes to grammar and formatting.

Defendant argues that the above language from Section 4 amounts to an unenforceable Non-Compete Clause. Dkt. #242 at 5 (*filed under* seal). Defendant devotes significant time to explaining how such clauses are in violation of New York law, FTC guidelines, and public policy. *See id.* at 2-8. However, Defendant also argues that this same Section 4 "is <u>not</u> a non-compete provision." *Id.* at 8 (emphasis in original). Defendant goes on to argue that Section 4 "is merely a loosely worded non-disparagement clause regarding the Eagle View-Xactware <u>interface</u> for those customers who choose to use it…. it simply is not a non-compete clause." *Id.* at 8-9 (emphasis in original). The Court agrees with Defendant's second interpretation of this clause. Instead of being a restriction on meaningful competition between the two companies generally, Section 4 can be read to solely require that the parties not discourage customers from using the previously agreed integration of Eagle View and Xactware. This is the reading Plaintiff is proposing in their argument, and is reflected in the title of its new proposed cause of action. *See* Dkt. # 249 at 4 ("To be clear, Eagle View's position is not that Section 4 of the Agreement is a generalized non-compete clause…"); Dkt. #240-1 at 14. Importantly, Plaintiff is not solely claiming Defendant breached by offering its competing product on Xactware's network; Plaintiff also claims Defendant breached by sidelining and eventually eliminating Eagle View's software as an option for customers to choose. *See* Dkt. #240-1 at 14. The Court thus finds that Section 4 is not a general non-compete clause.

Defendant offers no analogous case where a similar breach of contract claim was found to be futile. Defendant's citation to *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) is not convincing. In *Serra*, the court found that plaintiff prisoners could not amend their complaint to include (1) a claim based on the inadequacy of prisoner's earnings and (2) a claim of false imprisonment, as the first claim failed to allege a necessary deprivation of a constitutional right,

and the second claim failed to allege that the prisoners were confined without legal authority. *Id.* Here, Plaintiff's contract claim suffers from no similar legal barrier. Defendant has failed to meet its burden of proving futility.

Because Defendant has not met its burden, and given the general "policy to permit amendment with extreme liberality," *Eminence*, 316 F.3d at 1051, the Court hereby GRANTS Plaintiff leave to amend its Complaint. Upon entry of this Order, Plaintiff shall file the Amended Complaint, referenced in Exhibit A to the instant Motion, and serve it on Defendant within 14 days.

## C. Discovery

Plaintiff notes in its motion that discovery related to this new cause of action will be minimal, yet does not actually request additional discovery or propose a new discovery deadline. Discovery is currently closed in this matter. *See* Dkt. ##67; 234. Given that the trial in this matter is set for December 7, 2015, the Court directs the parties to jointly propose an appropriate deadline for discovery limited in scope to Plaintiff's new cause of action within 10 days of this Order.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Amend Complaint (Dkt. #238) is GRANTED.

(2) Plaintiff shall file the Amended Complaint, referenced in Exhibit A to the instant Motion, and serve it on Defendant within 14 days.

1     (3)    The Court directs the parties to jointly propose an appropriate deadline for discovery limited in scope to Plaintiff's new cause of action within 10 days of this Order.

Dated this 9th day of July 2015.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING LEAVE TO AMEND - 6