UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> XACTWARE SOLUTIONS, INC., <br><br> Defendant. | CASE NO. C12-1913RSM <br><br> ORDER DENYING RENEWED MOTION FOR INJUNCTIVE BOND |

This matter comes before the Court upon Defendant's Renewed Motion for Injunction Bond, Dkt. #246. Defendant Xactware Solutions, Inc. ("Xactware") moves for a determination of an amount for an injunction bond. Plaintiff Eagle View Technologies, Inc. ("Eagle View") opposes the Motion. For the reasons set forth below, the Court DENIES Defendant's Motion as moot.

Under Rule 65(c), "the court may issue a preliminary injunction… only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

1      Defendant argues that a court "usually will fix security in an amount that covers the
2  potential incidental and consequential costs as well as either the losses the unjustly enjoined or
3  restrained party will suffer during the period the party is prohibited from engaging in certain
4  activities or the complainant's unjust enrichment caused by his adversary being improperly
5  enjoined or restrained," citing 11A Charles Alan Wright, et al., Federal Practice & Procedure §
6  2954 (3d ed.). Defendant argues that its incidental costs for "processing and monitoring Eagle
7  View royalty payments" are $500 per month, $18,500 for the total 37-month injunction period
8  (up to the expected trial date). Dkt. #246 at 3. Defendant argues that the appropriate injunction
9  bond should be $25,000 "as the Court should err on the high side." *Id.* (citing *Mead Johnson &*
10 *Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000) (court should err on the high side);
11 *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999) (same);
12 *Apple, Inc. v. Samsung Elecs. Co.*, 877 F. Supp. 2d 838, 918 (N.D. Cal. 2012) (same) *rev'd on*
13 *other grounds*, 695 F.3d 1370 (Fed. Cir. 2013)).[1]

14      In Response, Plaintiff argues that because Defendant has conceded the contract renewal
15 issue, it has conceded that the injunction was properly granted and thus it would not be possible
16 for Defendant to be a "party found to have been wrongfully enjoined or restrained" under Rule
17 65(c). Dkt. #255 at 2. Plaintiff also argues that the injunction bond must apply prospectively,
18 not retroactively. *Id.* at 6 (citing, *inter alia*, *Research Found. of State Univ. of New York v.*
19 *Mylan Pharm. Inc.*, No. CIV. 09-184-LPS, 2012 WL 1901267, at *6 (D. Del. May 25, 2012)).

20      In Reply, Defendant essentially highlights the mootness of the injunction—and, thus, the
21 bond. *See* Dkt. #257 at 1-2. Defendant argues that, prior to filing this Motion, it asked Plaintiff

---

[1] Defendant initially argued that the appropriate injunction bond should be far greater to accommodate full contract damages during the injunction period. *See* Dkt. #246 at 4-5. However, based on Plaintiff's assertion that Defendant will be free to pursue these damages at trial, Dkt. #255 at 2, Defendant has withdrawn this alternative request. Dkt. #247 at 1.

to concede that the injunction was no longer necessary, but Plaintiff insisted that the injunction stay in place. *Id.* at 1. Defendant does not provide any legal authority for a bond to cover retroactive costs. Defendant argues that "[t]he alternative amount of bond, $25,000 was not contested meaningfully by Eagle View in the opposition and should be the amount ordered by the Court for security for the injunction which Eagle View insists remain in place." *Id.* at 2.

The Court finds that Plaintiff has meaningfully contested the suggested $25,000 bond, contrary to Defendant's assertion, by arguing that retroactive costs are not properly part of a bond's calculation. Further, Plaintiff has meaningfully contested the recoverability of Defendant's future incidental costs by pointing out that it is not possible for the Court to find that Defendant has been wrongfully enjoined or restrained. Defendant fails to convince the Court otherwise. On the other hand, it is not clear from the record and arguments presented why Plaintiff continues to insist that the injunction stay in place. The Court thus finds that the parties have essentially argued themselves into agreeing that the injunction itself is moot, and that a bond to cover "an amount… proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" is effectively zero. *See* Fed. R. Civ. P. 65(c).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Renewed Motion for Injunction Bond (Dkt. #246) is DENIED as moot.

DATED this 5 day of October 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE